**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ZACHERY M. THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-cv-1376-NJR** |
| | ) | |
| | ) | |
| **CHESTER MENTAL HEALTH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Zachery M. Thomas, who is currently detained at Will County Adult Detention Facility, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was detained at Chester Mental Health Center.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### Discussion

There are a number of issues with Thomas's Complaint (Doc. 1). First, Thomas only names Chester Mental Health as a defendant and does not name any individual defendants. But Chester Mental Health, which is a division of the Illinois Department of

Human Services, is not a "person" within the meaning of the Civil Rights Act and is not subject to a Section 1983 action. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Chester Mental Health is **DISMISSED with prejudice**.

Although Thomas does refer to a number of individuals in his Complaint, including Dr. Kone and a Counselor Heather, he fails to include these individuals in the caption of his Complaint. Thomas must make plausible allegations against *individuals*, and these individuals must be listed in the case caption. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Thus, he fails to state a claim in his Complaint.

Thomas's Complaint also violates Federal Rule of Civil Procedure 8. Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), in order to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007)). A successful complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thomas's Complaint, however, is a recitation of everything that happened to him after he transferred to Chester Mental Health Center. On May 20, 2021, Thomas transferred to Chester Mental Health until he was fit to stand trial (Doc. 1, pp. 4, 10). He alleges that while there, he was not provided with shower shoes, forced to sign documents under duress, strapped down by staff members, had blood taken against his will, required to

take medication under duress, not provided with the money sent to him by family, and not provided with his street clothes upon release.

Thomas describes two incidents which might form the basis of a Section 1983 action. He describes an incident where staff subdued him and a number of staff members choked him, but he fails to identify the staff members or include them in the caption of his Complaint. He also takes issue with the medication he was prescribed, indicating that it caused him physical pain, "locked" up his body, and caused head trauma. Dr. Kone continued the medication and increased the dosage despite his complaints to both the doctor and his counselor. He does not name Dr. Kone or his counselor as defendants and fails to include them in the case caption.

Thus, if Thomas wants to proceed in this case, he must file an Amended Complaint. The Amended Complaint should identify *who* violated Thomas's constitutional rights by name, if known, and should include a description of *how* Thomas's rights were violated, which he has not done with his current Complaint. If Thomas does not know the name of the individual who violated his rights, he can identify them by a John Doe designation. Additionally, any individual Thomas intends to sue should be identified as a defendant in the case caption and should be referenced in the body of the Amended Complaint.

## Disposition

**IT IS HEREBY ORDERED** that Thomas's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Thomas is **GRANTED** leave to file a "First Amended Complaint" on or before **March 16, 2022**. Should Thomas fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Thomas's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Thomas must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Thomas is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Thomas elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Thomas is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not

4

later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  February 16, 2022**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**